**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4704**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRYL G. INGRAM, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, Chief District Judge.   (3:06-cr-00376-JRS)

Submitted: May 30, 2008          Decided: June 11, 2008

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Edwin F. Brooks, EDWIN F. BROOKS, LLC, Richmond, Virginia, for Appellant.   Chuck Rosenberg, United States Attorney, Charles E. James, Jr., Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl G. Ingram, Jr., appeals his jury conviction and sentence on charges of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846 (2000) (Count One); conspiracy to interfere with interstate commerce, in violation of 18 U.S.C. § 1951 (2000) (Count Two); interference with interstate commerce, in violation of 18 U.S.C. § 1951 (2000) (Count Three); and use of a weapon in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2000) (Count Four).[1] The district court sentenced Ingram to a total of 444 months' imprisonment, ten years total supervised release, and ordered him to pay $598 in restitution. On appeal, Ingram challenges the sufficiency of the indictments and the district court's denial of his motion for judgment of acquittal on the basis that the evidence was insufficient to convict him of the offenses charged in the superseding indictment. We affirm.

Ingram's first claim of error is that the indictment was insufficient because the indictment failed to specify the particular dates on which he was alleged to have committed the offenses charged. He challenges the district court's denial of his motion to dismiss Count One of the original indictment. While he admits he only challenged the original indictment below, he raises an additional challenge to the superseding indictment for the first time on appeal. Ingram offers nothing on appeal to demonstrate how

_____

[1]Counts Two through Four related to Ingram's involvement in a January 22, 2004 robbery of Davinci's Pizza Restaurant in Richmond, Virginia.

- 2 -

the alleged flaws prejudiced his ability to defend his interests or to receive effective assistance of counsel. United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) (one principal purpose of indictment is to provide sufficient information to allow preparation of defense). We have reviewed de novo the district court's denial of Ingram's pretrial motion to dismiss the original indictment. United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997). We find that the indictment is sufficient, and that the district court did not err in denying Ingram's motion to dismiss the indictment. Nor do we find, in reviewing for plain error[2] Ingram's corollary claim, that the superseding indictment was insufficient.

Ingram's final claim of error is that the district court erred in denying his Fed. R. Crim. P. 59 motion because the evidence was insufficient to convict him of the drug distribution conspiracy charged in Count One of the superseding indictment, or the conspiracy and use of a firearm relating to the robbery charged in Counts Two through Four. In evaluating the sufficiency of the evidence supporting a criminal conviction on direct review, "[t]he verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is evidence "that a reasonable finder of fact

---

[2]See United States v. Cotton, 535 U.S. 625, 631 (2002) (applying plain-error test to claim that indictment failed to allege element of charged offense); United States v. Sutton, 961 F.2d 476, 479 (4th Cir. 1992).

could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We consider circumstantial and direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established. Id. at 858; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Our review of the record discloses sufficient evidence presented at Ingram's trial to support the jury's findings.

First, with regard to the drug conspiracy charge, Ingram contends that the witnesses against him did not testify with any specificity that there was any agreement among or between them and Ingram, but rather that the evidence established that there were a number of individuals, including Ingram, who were buying or selling drugs "on their own in the same vicinity" on a competitive, rather than cooperative basis. He also points to alleged inconsistencies in the witnesses' testimony and their motives, asserting that such inconsistencies undermine the jury's verdict.

The record reflects that the Government presented in excess of twenty witnesses who testified about Ingram's purchases of distribution quantity drugs and sales of those drugs on an ongoing basis. Aaron Kinchen testified that on two or three occasions he gave crack cocaine to an individual he knew as "Fresh" who then handed the drugs over to Ingram in Kinchen's presence. Melvin John testified that he saw Ingram four to five times a week, and that he drove Ingram and Godwin Eni (together) for the purpose

of conducting drug sales, five to ten per day. John testified that Ingram dealt in three and a half and seven-gram quantities of crack. He further attested that Ingram and Eni shared drugs and profits. Other witnesses testified as to sharing drug sales with Ingram. Andy Matthews testified that Eni introduced him to Ingram as a source for the purchase of crack, and that he bought quarter to one-half ounce quantities of crack from Ingram three times a week for approximately a year. In addition, the Government introduced evidence that, based on Ingram's relationships with other drug traffickers, he was allowed to sell his drugs in areas not otherwise open to outsiders. Other witnesses testified to seeing Ingram obtain or possess one to three-ounce quantities of crack. Special Agent Danny Board testified that user quantities of crack cocaine are between a tenth to two-tenths of a gram, with three and a half gram and higher amounts being wholesale distribution-level amounts.

As evidenced by the finding of guilt, the jury resolved any conflicts in testimony in favor of the prosecution, determined the Government's witnesses to be sufficiently credible to support their verdict of guilty, and otherwise found sufficient circumstantial and direct evidence of guilt. We find the evidence to be adequate and sufficient to support the jury's conclusion beyond a reasonable doubt that Ingram had an agreement with two or more individuals to engage in conduct that violated a federal drug law, that he knew of the agreement, and that he knowingly and

voluntarily participated in the conspiracy.  See United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001).

The evidence likewise is sufficient to support the jury's verdicts on Counts Two through Four.  The record reflects that Keon Booker testified that he, Ingram, and Michael Scarborough agreed and worked together to rob Davinci's Pizza restaurant on January 22, 2004, to obtain money to pay Booker's cousin's bond.  Booker attested that each of the three co-conspirators traveled to the restaurant for the purpose of robbing it, each armed with a firearm.  He testified that Ingram held one of the restaurant employees at gunpoint while Booker recovered the money.  He further testified that he, Ingram, and Scarborough took money from the register, several food items, the employees' wallets, and the store's telephone.  Scarborough also testified as to his role in the charged robbery, and implicated Ingram in the robbery, attesting to Ingram's role in the robbery and to Ingram's receipt of a portion of the robbery proceeds.  Finally, Leonidas Brown, an inmate housed with Ingram at the Piedmont Regional Jail, testified that Ingram admitted to him that he robbed Davinci's with another individual.  Ingram's claims on appeal that the witnesses' testimony was inconsistent or not credible, or that the witnesses' self-interest outweighed their credibility, are insufficient to support reversal of the jury's verdicts, because in resolving issues of substantial evidence, we do not weigh evidence or review witness credibility.  United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002); Burgos, 94 F.3d at 863.  Rather, it is the role of

the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. <u>United States v. Manbeck</u>, 744 F.2d 360, 392 (4th Cir. 1984).

We find no merit to Ingram's claims of insufficiency of the evidence, finding that the jury's verdict on each of the four counts was amply supported by the evidence. The district court did not err in denying Ingram's Rule 59 motions.

Accordingly, we affirm Ingram's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>